UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) LLC,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | 08-3202 |
| MARIE M. BEYERS, as Trustee under the    ) | |
| provisions of a Trust Agreement dated the    ) | |
| 18th day of September, 1996, known as the    ) | |
| Marie M. Beyers Trust Agreement,    ) | |
| and    ) | |
| CHESTER F. BEYERS, as Trustee under the    ) | |
| provisions of a Trust Agreement dated the    ) | |
| 18th day of September, 1996, known as the    ) | |
| Chester F. Beyers Trust Agreement,    ) | |
| ) | |
| Defendants.    ) | |

| | |
|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) LLC,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | 08-3204 |
| ROGER L. WEMPLE and CAROLYN M.    ) | |
| WEMPLE, as Trustees under the    ) | |
| provisions of a Trust Agreement dated the    ) | |
| 12th day of January, 1989, and known as the    ) | |
| Roger and Carolyn Wemple Trust,    ) | |
| ) | |
| Defendants.    ) | |

| | |
|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) LLC,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | 08-3205 |
| WAYNE E. BORGIC and CLARA J.    ) | |

1

| | |
|---|---|
| BORGIC, )<br>)<br>          Defendants. ) | |

| | |
|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) LLC, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT J. BEYERS, Trustee of the Regina E. )<br>Beyers Declaration of Trust Dated the 15th )<br>Day of June, 2007, )<br>)<br>          Defendant. ) | 08-3210 |

| | |
|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) LLC, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>JOHN J. MATHEWSON and PATRICIA L. )<br>MATHEWSON, Trustees of the Mathewson )<br>Family Revocable Trust under Agreement )<br>Dated October 7, 1996, )<br>)<br>          Defendants. ) | 08-3211 |

| | |
|---|---|
| ENBRIDGE PIPELINES (ILLINOIS) LLC, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT J. BEYERS, Trustee of the Regina E. )<br>Beyers Declaration of Trust Dated the 15th )<br>Day of June, 2007, ROBERT J. BEYERS, )<br>Individually, RICHARD D. BEYERS; BRENDA )<br>J. BEYERS, and GARY E. BEYERS, )<br>) | 08-3234 |

Defendants.          )

ORDER

The six cases referenced above are a subset of the twenty-two cases commenced by the plaintiff, Enbridge Pipelines (Illinois) LLC ("Enbridge") and consolidated by the court. The defendants in these six cases filed an answer and counterclaim. Count I of the counterclaim seeks a declaratory judgment in the defendants' favor. Count II is a claim of unjust enrichment. The defendants allege that the various rights-of-way, which were granted in 1939 for sums ranging from $15 to $160, have increased in value considerably since 1939, creating an unjust and substantial benefit to Enbridge and a detriment to the defendants.

Enbridge has filed a motion to dismiss each of the unjust enrichment claims. The defendants have filed memoranda in opposition to the motions, arguing that they may plead legal and equitable theories in the alternative. The Federal Rules of Civil Procedure allow pleading in the alternative. Fed. R. Civ. P. 8(d)(2)-(3). However, claims and defenses must be warranted by existing law. Fed. R. Civ. P. 11(b)(2). The court finds that the defendants' position is not warranted by the existing law.

The central issue in these cases is whether the rights-of-way are valid.

Enbridge argues that the 1939 rights-of-way are contracts between the parties' respective predecessors in interest. According to Enbridge, it merely wishes to assert its contractual rights, and Illinois law is clear: "damages for unjust enrichment are not awardable when, as here, there is a contract between the parties on the subject in dispute." *Prima Tek II, LLC, v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 541 (7th Cir. 2008) (applying Illinois law).

Thus, the defendants may prevail on a counterclaim of unjust enrichment only if there is no contract. But if there is no contract because the rights-of-way are invalid, Enbridge will not be unjustly enriched; it will possess nothing more than documents of minimal historic value.

The defendants also request "leave to amend their counterclaim to expressly plead a claim for breach of contract (coupling it with its existing unjust enrichment claim)." For the reasons discussed above, this is not warranted by existing law. Moreover, any breach of contract by Enbridge or its predecessors will necessarily be addressed in the context of the claims for declaratory judgment; in their answer, the defendants deny the validity of the rights-of-way. Asserting a breach of contract by way of a separate counterclaim would needlessly increase the cost of the litigation.

Finally, in their memoranda in opposition to the motions to dismiss, the defendants seek leave to amend their answers to assert the affirmative defenses of laches and estoppel. Leave to amend is properly sought via motion, and not by way of a memorandum in opposition to a motion to dismiss. The motion should conform to this court's Administrative Procedures for Electronic Filing, Section II(A)(6) (requiring the movant to attach the proposed amendment as an

3

exhibit to the motion).

## CONCLUSION

The following motions to dismiss are granted:

1. Case No. 08-3202, d/e 15;
2. Case No. 08-3204; d/e 14;
3. Case No. 08-3205, d/e 16;
4. Case No. 08-3210, d/e 14;
5. Case No. 08-3211, d/e 19; and
6. Case No. 08-3234, d/e 23.

Count II of the counterclaims in each of the above cases is dismissed. The clerk is directed to docket this order in each of the above cases and in the lead case, 08-2215.

Entered this 30th day of April, 2009.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE